UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RODOLFO ANTONIO LOPEZ JR,

        Petitioner,

        v.                        CAUSE NO. 3:25-CV-56-JD-JEM

SHERIFF,

        Respondent.

OPINION AND ORDER

Rodolfo Antonio Lopez Jr, a prisoner without a lawyer, filed a habeas petition challenging his pretrial detention at the Laporte County Jail in connection with criminal proceedings pending in the Laporte Superior Court, Case No. 71D02-2409-F5-334.[1] Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Lopez asserts that he is entitled to habeas relief because the trial court has informed him that if he does not appear at trial, the trial will commence without him. He asserts that the trial court's actions violate his right to confront the witnesses testifying against him at trial and his right to use compulsory process to secure witnesses to testify on his behalf at trial.  Significantly, "[h]abeas corpus lies only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

United States." *Harts v. State of Ind.*, 732 F.2d 95, 96 (7th Cir. 1984). Such claims could potentially undermine the validity of a conviction or sentence, but Lopez has not yet been convicted or sentenced in this criminal proceeding, and it is unclear how these claims might otherwise relate, if at all, to his current pretrial detainment.

Lopez also asserts that this criminal proceeding violates his right to double jeopardy, which might relate to his pretrial detainment. More specifically, a finding of double jeopardy would require dismissal of his State criminal case, and Lopez would no longer be subject to pretrial detainer in connection with this criminal case. *See Reimnitz v. State's Att'y of Cook Cnty.*, 761 F.2d 405, 410 (7th Cir. 1985) (double jeopardy violations require unconditional release). "The Double Jeopardy Clause, of course, affords a defendant three basic protections: It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Ohio v. Johnson*, 467 U.S. 493, 497–98 (1984).

Lopez represents that the State charges against him were previously filed in Case No. 71D08-1801-F5-10. According to the State court docket, the St. Joseph Superior Court dismissed Case No. 71D08-1801-F5-10 without prejudice on the prosecution's motion. No trial occurred, and no guilty plea was accepted in the earlier case. Consequently, jeopardy did not attach to the charges in Case No. 71D08-1801-F5-10. *See Martinez v. Illinois*, 572 U.S. 833, 839 (2014) ("There are few if any rules of criminal procedure clearer than the rule that jeopardy attaches when the jury is empaneled and sworn."); *Lee v. United States*, 432 U.S. 23, 28 n.3 (1977) ("As this was a bench trial,

jeopardy did not attach until the court began to hear evidence."); *Stevens v. Cir. Ct. of Milwaukee Cnty.*, 675 F.2d 946, 948 (7th Cir. 1982) ("[J]eopardy therefore attaches with acceptance of his guilty plea."). As a result, Lopez does not have a viable double jeopardy claim with respect to the criminal case that is the subject of this habeas petition.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that a reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Lopez to proceed further.

For these reasons, the court DENIES the habeas corpus petition (ECF 1); DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and DIRECTS the clerk to enter judgment in favor of the Respondent and against the Petitioner.

SO ORDERED on January 29, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT